IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELIJAH L.,[1]

    Plaintiff,

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

    Defendant.

Civ. No. 6:21-cv-01469-MC

**OPINION AND ORDER**

_____

**MCSHANE, Judge**:

    Plaintiff brings this action for judicial review of the Commissioner of Social Security's final decision denying his applications for supplemental security income ("SSI") and disability insurance benefits ("DIB") under the Social Security Act. The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). Plaintiff filed his applications on January 2, 2019, alleging disability beginning December 31, 2014. Tr. 15.[2] Plaintiff's claim was denied initially and upon reconsideration. *Id.* Plaintiff timely requested a hearing and amended his alleged onset date to July 9, 2010. *Id.*; tr. 208. Following a hearing, an administrative law judge ("ALJ") issued an unfavorable decision. Tr. 15–23. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1–3. This appeal followed.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party.
[2] "Tr" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

1 – OPINION AND ORDER

Plaintiff argues that the ALJ erred by discounting Plaintiff's symptom testimony and improperly evaluating medical opinion evidence. The Court agrees. For the reasons explained below, the Commissioner's decision is REVERSED and this matter is REMANDED for further proceedings.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's final decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1114–15 (9th Cir. 2021). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the Court reviews the entire administrative record, weighing both the evidence that supports and detracts from the ALJ's decision. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (2012). The initial burden of proof rests on the claimant to meet the first four steps. If the claimant satisfies his burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At

step five, the Commissioner must show that the claimant can adjust to other work after considering the claimant's RFC, age, education, and work experience. *Id.* If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner shows that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

At step two here, the ALJ found that Plaintiff had the following severe impairments: bilateral knee degenerative joint disease and lumbar degenerative disc disease. Tr. 18. The ALJ found that Plaintiff can

> perform sedentary work . . . except [he] can occasionally climb ramps and stairs but can never climb ladders, ropes or scaffolds. He can balance and kneel occasionally but can never stoop, crouch or crawl. [Plaintiff] requires the ability to alternate between sitting and standing at will while continuing to work. [His] time off task can be accommodated by normal breaks.

*Id.* Based on the vocational expert's testimony, the ALJ concluded that Plaintiff could perform jobs existing in significant numbers in the national economy, including final assembler, package sealer, and document preparer. Tr. 23. The ALJ therefore determined that Plaintiff was not disabled. *Id.*

## I. Plaintiff's Symptom Testimony

Plaintiff argues that the ALJ erred by not fully crediting his subjective symptom testimony as true. Pl.'s Br. 5, ECF No. 15. "An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ determines "whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal citations and quotations

omitted). If the first step is satisfied, and the ALJ finds no evidence of malingering, the ALJ next determines the intensity and persistence of symptoms by considering "all of the available evidence from . . . medical sources and nonmedical sources." 20 CFR § 404.1529(c)(1). "[T]he ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1015.

Plaintiff alleges debilitating physical symptoms resulting from his bilateral knee degenerative joint disease and lumbar degenerative disc disease. His knee pain began in 2010 when he was working as a roofer and his right knee gave out. Tr. 41. Since then, he has had multiple surgeries on both knees. Tr. 41–43. Despite the surgeries, Plaintiff's level of functioning is limited. Tr. 43. He can't kneel, stoop, or put much weight on his knees. Tr. 43. He has pain in his knees with walking and standing, and cannot do either for a long period of time. Tr. 43–44. He experiences pain in his lower back that radiates down his legs. Tr. 45. Plaintiff's back pain is constant such that even lying down does not relieve the pain. Tr. 46. Laying down, sitting, or standing for too long aggravates his pain, so Plaintiff often switches positions throughout the day. Tr. 46, 49. He lays down about three times a day for five to ten minutes. Tr. 49–50. Plaintiff has opted out of physical therapy because it makes his symptoms worse. Tr. 47. He does his part with household chores but struggles to keep up and receives help from his two teenage sons. Tr. 46–47.

The ALJ summarized Plaintiff's testimony and then found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 19. Specifically, the ALJ found Plaintiff's statements "inconsistent because they are not supported by the objective medical evidence." *Id.* The ALJ went on to summarize the medical evidence relating to Plaintiff's

back and knees. Tr. 19–20. He then explained his evaluation of the medical opinions. Tr. 20–21. The ALJ finally concluded that

> the above [RFC] is supported by objective imaging showing improvement in [Plaintiff's] lumbar spine and improvement in his knees following surgery. The RFC is supported by [Plaintiff's] activities of daily living including coaching, exercising and playing basketball. Finally, the RFC is supported by [Plaintiff's] use of narcotic pain medication to address his subjective pain allegations.

Tr. 21.

While the ALJ opined that Plaintiff's testimony was inconsistent with the objective medical evidence, he failed to actually identify any inconsistencies. The ALJ simply stated his "non-credibility conclusion and then summarized the medical evidence supporting [his] RFC determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). Though the Court could make reasonable inferences based on the ALJ's summary of the evidence, which include improvement with treatment and activities that show a greater level of functioning than alleged, "the credibility determination is exclusively the ALJ's to make." *Id.* The Court may only review the reasons the ALJ asserts, of which there are none here. *See id.*

The ALJ erred by failing to identify which testimony he found not credible and failing to link that testimony to specific parts of the record supporting his non-credibility determination. *Id.*; *see also Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("An ALJ's 'vague allegation' that a claimant's testimony is 'not consistent with the objective medical evidence,' without any 'specific findings in support' of that conclusion is insufficient for our review."). This error was not harmless. *See Brown-Hunter*, 806 F.3d at 494 ("An error is harmless only if it is 'inconsequential to the ultimate nondisibility [sic] determination' . . . or if despite the legal error, 'the agency's path may reasonably be discerned.'"). Because the ALJ failed to identify any reviewable reasons why he found Plaintiff's testimony not credible, the Court cannot discern

5 – OPINION AND ORDER

the agency's path. *See id.* Further, though "the ALJ summarized a significant portion of the administrative record in support of [his] RFC determination, providing a summary of medical evidence in support of a [RFC] finding is not the same as providing clear and convincing *reasons* for finding [Plaintiff's] symptom testimony not credible." *Id.*

Because the ALJ erred by failing to identify clear and convincing reasons for discrediting Plaintiff's symptom testimony, and that error was not harmless, the ALJ's decision is reversed.

## II. Medical Opinion

Plaintiff next argues that the ALJ erred in evaluating medical opinion evidence. Pl.'s Br. 13. Under the new regulations for evaluating medical opinions, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 416.920c(a). Instead, the ALJ must evaluate all medical opinions and prior administrative medical findings for persuasiveness. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). In doing so, an ALJ considers the following factors: (1) supportability, as shown by relevant evidence and explanation; (2) consistency with the record as a whole; (3) the relationship between the source and the claimant; (4) specialization; and (5) other factors, including the source's familiarity with other information in the record. 20 C.F.R. § 416.920c(c). Of these, supportability and consistency are the most important and must be articulated in the ALJ's decision. 20 C.F.R. § 416.920c(b)(2). These regulations displace the Ninth Circuit's standard requiring an ALJ to provide "specific and legitimate" reasons for rejecting a treating or examining doctor's opinions. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Now, an ALJ's decision for discrediting any medical opinion "must simply be supported by substantial evidence." *Id.* at 787.

Plaintiff argues the ALJ erred by failing to evaluate the persuasiveness of Dr. Goodger's medical opinion. Dr. Goodger began treating Plaintiff in November 2016 as his primary care physician. Tr. 497–507. In April 2017, he filled out a physical residual function capacity report with exertional, postural, manipulative, and environmental limitations for Plaintiff. Tr. 467–69. Dr. Goodger limited Plaintiff to lifting and carrying ten pounds occasionally and less than ten pounds frequently. Tr. 467. He limited Plaintiff to standing and walking for less than two hours in an eight-hour workday and opined that Plaintiff must be able to periodically alternate between sitting and standing to relieve pain or discomfort. *Id.* He further opined that Plaintiff is limited in his ability to push and pull with his lower extremities. *Id.* For postural limitations, Dr. Goodger limited Plaintiff to never climbing, stooping, kneeling, and crawling, and only occasional balancing and crouching. *Id.* For manipulative limitations, Dr. Goodger limited Plaintiff to occasional reaching and handling and frequent fingering and feeling. Tr. 469. Finally, for environmental limitations, Dr. Goodger limited Plaintiff avoiding frequent exposure to humidity, occasional exposure to extreme cold, heat, and wetness, and all exposure to vibration, fumes, and hazards. *Id.*

The ALJ failed entirely to mention Dr. Goodger's functional report, and the Commissioner concedes this was error. Def.'s Br. 14, ECF No. 16. The Commissioner contends, however, that the error was harmless because "the limitations assessed by Dr. Goodger essentially mirrored those assessed by Nurse Roco." *Id.* at 15. The Commissioner asserts that "the ALJ's reasons for finding Nurse Roco's opinion unpersuasive apply with equal force to the unexplained, check-box opinion of Dr. Goodger." *Id.*

The Court disagrees. "A reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have

reached a different disability determination." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). The Court recognizes that Dr. Goodger's functional report is similar to Nurse Roco's; however, an ALJ could reasonably consider the consistency between the opinions of these treating providers and come to a different disability determination. Further, despite their overall similarity, Dr. Goodger provided more restrictive limitations in some areas than Nurse Roco.

The ALJ's failure to address Dr. Goodger's report is therefore not harmless error.

### III. Remand for Further Proceedings

The only remaining question is whether to remand for further administrative proceedings or an award of benefits. The general rule is to "remand to the agency for additional investigation or explanation." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012). Remand for calculation of benefits is appropriate only where the credit-as-true standard has been satisfied, which requires:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison*, 759 F.3d at 1020. The first requirement is not satisfied where "the record raises crucial questions as to the extent of [a claimant's] impairment given inconsistencies between his testimony and the medical evidence in the record. These are exactly the sort of issues that should be remanded to the agency for further proceedings." *Treichler*, 775 F.3d at 1105; *see also Brown-Hunter*, 806 F.3d at 495.

Though the ALJ erred by failing to provide reasons to discredit Plaintiff's symptom testimony and reject Dr. Goodger's opinion, the Court finds that further proceedings would be useful. An independent review of the record raises questions about the extent to which Plaintiff's pain and symptoms render him disabled. Namely, there are notable inconsistencies between Plaintiff's testimony, his demonstrated improvement with treatment, and his activity level. For

8 – OPINION AND ORDER

example, as the Commissioner points out, the record reflects multiple instances of improved symptoms throughout the adjudicatory period as well as Plaintiff's participation in sports and exercise that appear to undermine his testimony of disabling pain and immobility. *See* Def.'s Br. 7; tr. 294, 329, 354, 376, 391, 395, 399–400 423–24, 527, 544, 627. Additionally, since it appears the ALJ ignored medical opinion evidence from Dr. Goodger, the ALJ's evaluation of that opinion could affect his evaluation of other evidence. "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101.

The Court therefore finds remand for further proceedings the appropriate remedy. Upon remand, the ALJ shall reevaluate Plaintiff's subjective symptom testimony as well as the medical opinion evidence.

## **CONCLUSION**

For the reasons explained herein, the Commissioner's final decision is REVERSED and this matter is REMANDED for further proceedings.

IT IS SO ORDERED.

DATED this 31st day of March, 2023.

                                                __s/Michael J. McShane_____ _____
                                                Michael J. McShane
                                                United States District Judge